UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CAPSTONE BUSINESS FUNDING, LLC
Individually, and as assignee of MARCUS
CONSTRUCTION, CO.,

        Plaintiff,

  -v-                                       No.  16 CV 2141-LTS

DENARK CONSTRUCTION, INC., and
WESTERN SURETY COMPANY,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Capstone Business Funding, LLC ("Capstone") brought this action against Defendants Denark Construction, Inc. ("Denark") and Western Surety Company ("Western Surety," and, with Denark, "Defendants") seeking to recover $248,019.00, plus interest, that is allegedly owed to Capstone under the terms of two Estoppel Certificates dated October 28, 2015. (<u>See</u> docket entry no. 1 (Complaint ("Compl.") ¶ 25.)

        Denark has moved, pursuant to Rules 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of personal jurisdiction, for insufficient service of process, and, alternatively, under the doctrine of <u>forum non conveniens</u>.  The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

        The Court has reviewed thoroughly the submissions of both parties in connection with Denark's motion to dismiss.  For the following reasons, Denark's motion to dismiss the Complaint is granted.

BACKGROUND

The following summary of relevant facts is drawn from the Complaint, which is taken as true for the purposes of this motion practice, and affidavits submitted in connection with the instant motion.[1]

Capstone is a Delaware corporation with its principal place of business in New York. (Compl. ¶ 1.) Denark is a Tennessee corporation. (Id. ¶ 2.) Marcus Construction Company ("Marcus"), a Kentucky limited liability company that is not a party to this action, entered into a construction sub-contract with Denark. (See Compl. ¶¶ 6, 13.) Marcus issued invoices to Denark for work done pursuant to the Subcontract in an amount of at least $278,844.00, of which $248,019.00 allegedly remains unpaid. (Id. ¶ 14.) Marcus assigned these invoices to Capstone. (Id. ¶ 7.)

Capstone prepared, and mailed to Denark's offices in Tennessee, Estoppel Certificates regarding the invoices, which Denark modified in part and signed. (See docket entry no. 11, Declaration of Garry T. Stevens Jr. ("Stevens Decl."), at Ex. B (Affidavit of Frank Rothermel), at Ex. B ("Estoppel Certificates").) The Estoppel Certificates state that Capstone is the assignee of payment for Marcus, and state the amounts Denark owed Capstone, reciting that the specified sums were then due and owing. (Id.) Denark was instructed in correspondence accompanying the Estoppel Certificates to send all current and future invoice payments to Capstone's lockbox location in Chicago, Illinois. (Id. at p. 3.)

---

[1] Consideration of supporting materials provided by affidavit is appropriate when considering a motion to dismiss for lack of personal jurisdiction. "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or may conduct an evidentiary hearing on the merits of the motion." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).

Denark made two modifications to the Estoppel Certificates: (1) on one, changing the amounts due, and (2) on both, striking provisions that jurisdiction and venue would be exclusive to New York.  (<u>See</u> Estoppel Certificates.)  Capstone has not contested the enforceability of these modifications.

Representatives of Denark, Marcus, and Capstone exchanged emails both before and after the execution of the Estoppel Certificates.  (Docket entry no. 16, Affidavit of Scott A. Brody, Esq., Ex. A (Affidavit of James Rubbinaccio), at ¶¶ 6-8.)

## DISCUSSION

On a motion to dismiss a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit."  <u>Troma Entm't, Inc. v. Centennial Pictures Inc.</u>, 729 F.3d 215, 217 (2d Cir. 2013) (internal quotation marks and citation omitted).  The court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs."  <u>Licci ex rel. Licci v. Lebanese Canadian Bank, SAL</u>, 732 F.3d 161, 167 (2d Cir. 2013).  "Where, as here, a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant."  <u>DiStefano v. Carozzi N. Am., Inc</u>., 286 F.3d 81, 84 (2d Cir. 2001) (internal quotations omitted).

The "resolution of a motion to dismiss for lack of personal jurisdiction made in the Southern District of New York requires a two-step analysis."  <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 305 F.3d 120, 124 (2d Cir. 2002).  "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant,

which in this case could only be possible under the New York long-arm statute, CPLR § 302." Id. "If there is a statutory basis for jurisdiction, the court must then determine whether New York's extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." Id. However, "if jurisdiction is statutorily impermissible . . . [the court] need not reach the question of its constitutionality." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

The New York long-arm statute provides, in relevant part, that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1); Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007). "CPLR 302(a) is a single act statute [and] . . . proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Daniel B. Katz & Assocs. Corp. v. Midland Rushmore, LLC, 90 A.D.3d 977, 978 (2011) (internal quotations omitted).

Capstone argues that the exercise of personal jurisdiction over Denark is appropriate under Section 302(a)(1) based on the Estoppel Certificates and the totality of Denark's contacts with New York. Upon review of the Complaint and the submissions of the parties in connection with the instant motion, the Court concludes that Capstone has failed to make a prima facie case that this Court has personal jurisdiction over Denark.

The Second Circuit has identified four relevant factors when determining whether a defendant transacts business in New York via contract:

> 1. Whether the defendant has an on-going contractual relationship with a New York corporation; 2. Whether the contract was negotiated or

> executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to contract regarding the relationship; 3. What the choice-of-law clause is in any such contract; and 4. Whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004). As to the first prong of this test, "a single short-term contract is not enough to constitute an 'ongoing contractual relationship' for the purposes of personal jurisdiction." Gordian Grp., LCC v. Syringa Expl., Inc., 168 F. Supp. 3d 575, 584 (S.D.N.Y. 2016) (finding six-month investment banking services contract insufficient to establish requisite ongoing contractual relationship). The Estoppel Certificates between Capstone and Denark, which simply provide for payment to Capstone of two sums that are acknowledged to be due and payable, are just such single, short-term contracts, and do not establish an ongoing contractual relationship. Id. at 585. Capstone does not allege any other contractual relationship with Denark that would indicate an ongoing relationship between the two corporations.

As to the second prong, Capstone does not allege that the Estoppel Certificates were executed by Denark in New York; indeed, Capstone mailed the documents to Denark's offices in Tennessee. Capstone does not allege that Denark's agents ever visited New York for the purposes of the parties' contractual relationship. As discussed in greater detail below, the limited email contacts between the parties prior to the execution of the Estoppel Certificates are insufficient to suggest that the exercise of personal jurisdiction is appropriate.

Nor is the third prong satisfied here. The Estoppel Certificates do not include a choice-of-law provision, as this language was stricken by Denark.

Finally, as to the fourth prong, the Estoppel Certificates required Denark to send its payments to Capstone's lockbox, which is located in Chicago, Illinois, rather than to New

York.

Accordingly, the Court concludes that none of the factors identified by the Second Circuit as relevant to determining whether a contractual relationship suffices to establish personal jurisdiction indicate that the Court has personal jurisdiction over Denark here. Plaintiff's allegations regarding the Estoppel Certificates therefore do not make out a prima facie basis for personal jurisdiction based on those contracts. Capstone's remaining contention is that Denark's contacts with Capstone's offices in New York suffice to establish personal jurisdiction. This argument is also unavailing.

Generally, "correspondence sent into New York, by a non-domiciliary defendant who is outside New York, . . . [is] insufficient to establish personal jurisdiction." Three Five Compounds, Inc. v. Scram Techs. Inc., No. 11 CV 1616, 2011 WL 5838697, at *7 (S.D.N.Y. Nov. 21, 2011). "The prevailing rule is that communications into New York will only be sufficient to establish personal jurisdiction if they were related to some transaction that had its center of gravity inside New York, into which a defendant projects himself." Id.; see also Maranga v. Vira, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005). However, "where a defendant communicates with a New York plaintiff in connection with a transaction that has little connection to New York other than the communication itself, the defendant has not transacted business in New York." Three Five Compounds, Inc., 2011 WL 5838697, at *8. Denark's communications with New York only occurred in connection with Marcus' assignment of invoices to Capstone. They were limited in number and do not indicate that Denark projected itself into New York for purposes of doing business, nor that the 'center of gravity' of this transaction, which ultimately relates to a Kentucky construction project, was in New York.

The Court therefore concludes that Capstone has failed to make a prima facie case

that Denark had a connection to New York, or transacted business in New York, for purposes of C.P.L.R. Section 302(a)(1). Accordingly, the Court lacks personal jurisdiction over Denark, and Denark's motion will be granted. In light of the Court's disposition of the personal jurisdiction issue, the Court need not address the parties' remaining arguments.

## CONCLUSION

For the foregoing reasons, Denark's motion to dismiss for lack of personal jurisdiction is granted. This Memorandum Opinion and Order resolves docket entry no. 9.

SO ORDERED.

Dated: New York, New York
January 30, 2017

                                              /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge